UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CLARENCE WESLEY HURT III,

        Plaintiff,        3:15-cv-149-TC

        v.        ORDER

YAMHILL COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the Yamhill County Jail filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising out of the conditions of his confinement. Plaintiff now seeks an order restraining defendants from housing him "in restrictive isolation without due process for misconduct." Motion to Restrain and Order (#6).

    In order to obtain preliminary relief in the Ninth Circuit, a party must meet one of two alternative tests. Requests for temporary restraining orders are governed by the

1 - ORDER

same general standards that govern the issuance of a preliminary injunction. See, <u>New Motor Vehicle Board v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347, n. 2 (1977); <u>Los Angles Unified Sch. Dist. v. United States District Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981). Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party enjoys a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and (4) the advancement of the public interest favors granting injunctive relief. <u>Burlington N.R.R. v. Department of Revenue</u>, 934 F.2d 1064, 1074 n. 6 (9th Cir. 1991).

Under the alternative test, the moving party may meet its burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Id.*; <u>Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity</u>, 950 F.2d 1401, 1410 (9th Cir. 1991), *cert. denied*, 503 U.S. 985 (1992); *see also* <u>A & M Records, Inc. v. Napster, Inc.</u>, 293 F.3d 1004, 1013 (9th Cir. 2001). These formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."

United States v. Odessa Union Warehouse Co-Op, 833 F.2d 172, 174 (9th Cir. 1987). The Ninth Circuit has suggested that the two standards amount to "a continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." San Diego Comm. v. Governing Board, 790 F.2d 1471, 1473 n. 3 (9th Cir. 1986). The parties must demonstrate, "an irreducible minimum," that they have a fair chance of success on the merits. Brenda v. Grand Lodge of International Association of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979); Committee of Cent. American Refugees v. I.N.S., 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief. Lancor v. Lebanon Housing Authority, 760 F.2d 361 (1st Cir. 1985). Also, under any formulation, the party seeking preliminary relief must demonstrate that there exists a significant threat of irreparable injury. Oakland Tribune v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

Additionally, "[u]nder the Prison Litigation Reform Act (PLRA), prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials[.]" Lunford v. Bannister, 2009 U.S. Dist. LEXIS 26247, 19-20 (D. Nev. Feb 10, 2009) (denying a pro

3 - ORDER

se inmate plaintiff's motion for preliminary injunction to compel surgery for a non-life-threatening condition and continuing care while incarcerated). Under the PLRA,

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

The Ninth Circuit has characterized this section's effect as to operate "simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators - no longer may courts grant or approve relief that binds prison administrators to do more that the constitution requires." Gilmore v. People of the State of California, 220 F.3.d 987, 999 (9th Cir. 2000).

In this case, plaintiff has not met any of the criteria for preliminary injunctive relief discussed above. Plaintiff's "Motion to Restrain and Order" (#6) is denied.

DATED this 11th day of March, 2015.

_____
Ann Aiken
United States District Judge

4 - ORDER